# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 10-545V
Filed: September 29, 2015
Not for Publication

*************************************

| | | |
|---|---|---|
| JEFFERY TODD WADE and ALLISON RENEE WADE, and Their Minor Son, D.T.W., | * * * * | Damages decision based on stipulation; diphtheria-tetanus-acellular pertussis vaccine ("DTaP"); inactivated poliovirus vaccine ("IPV"); hemophilus influenza type b vaccine ("Hib"); hepatitis B vaccine ("Hep B"); pneumococcal conjugate vaccine ("PCV"); rotavirus vaccine; seizures; infantile spasms |
| Petitioners, | * | |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |

*************************************

Milton C. Ragsdale, IV, Birmingham, AL, for petitioner.
Ann D. Martin, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On September 28, 2015, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioners allege that their son, D.T.W., suffered seizures and infantile spasms that resulted from his November 1, 2007, and May 20, 2009, receipt of the diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated poliovirus ("IPV"), hemophilus influenza type b ("Hib"), hepatitis B ("Hep B"), pneumococcal conjugate ("PCV"), and rotavirus vaccines. Petitioners further allege that D.T.W. suffered the residual effects of this injury for more than six months. Respondent denies that D.T.W.'s alleged

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

seizures and infantile spasms, or any other injury, were caused by the DTaP, IPV, Hep B, PCV, Hib, or rotavirus vaccines.  Nonetheless, the parties agreed to resolve this matter informally.

The undersigned finds the terms of the stipulation to be reasonable.  The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein.  Pursuant to the stipulation, the court awards:

a. a lump sum of **$9,300.00**, representing compensation for past unreimbursable expenses and all damages that would be available under 42 U.S.C. § 300aa-15(a).  The award shall be in the form of a check for **$9,300.00** made payable to petitioners Jeffery Todd Wade and Allison Renee Wade; and

b. an amount sufficient to purchase the annuity contract described in paragraphs 9-11 of the attached stipulation, paid to the life insurance company from which the annuity will be purchased.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: September 29, 2015                                             s/ Laura D. Millman
                                                                                             Laura D. Millman
                                                                                             Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JEFFERY TODD WADE and ALLISON RENEE WADE, and their minor son, D.T.W., </br></br>　　　　Petitioners, </br> v. </br></br> SECRETARY OF HEALTH AND HUMAN SERVICES, </br></br>　　　　Respondent. | No. 10-545V </br> Special Master Millman </br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, D.T.W., Jeffery Todd Wade and Allison Renee Wade ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to D.T.W.'s receipt of the diphtheria-tetanus-acellular pertussis ("DTaP"), inactivated poliovirus ("IPV"), hemophilus influenzae type b ("Hib"), hepatitis B ("Hep B"), pneumococcal conjugate ("PCV"), and rotavirus vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. D.T.W. received DTaP, IPV, Hep B, PCV, Hib, and rotavirus immunizations on November 1, 2007. He received DTaP, IPV, Hep B, and PCV immunizations on May 20, 2009.

3. The vaccines were administered within the United States.

4. Petitioners allege that D.T.W. suffered seizures and infantile spasms as a result of the vaccines that he received on November 1, 2007, and/or on May 20, 2009, and that DTW experienced residual effects of these injuries for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of D.T.W. as a result of his condition.

6. Respondent denies that the vaccines D.T.W. received on November 1, 2007, and/or on May 20, 2009, caused seizures, infantile spasms, or any other injury or condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.    A lump sum of $9,300.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Jeffery Todd Wade and Allison Renee Wade.

           The amount set forth in paragraph 8.a. represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), except as set forth in paragraph 8.b.

    b.    An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

      d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of D.T.W., pursuant to which the Life Insurance Company will agree to make payments periodically to D.T.W. for all remaining damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

> Beginning September 4, 2025, $48,855.52 payable annually for a period of four (4) years certain only.

The payments provided for in this paragraph 10 shall be made as set forth above. Should D.T.W. predecease the exhaustion of any certain payments set forth above, any remaining certain payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of D.T.W.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of D.T.W. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of D.T.W., on behalf of themselves, D.T.W., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of D.T.W. resulting from, or alleged to have resulted from, the vaccinations administered on or about November 1, 2007, and/or on May 20, 2009, as alleged by petitioners in a petition for vaccine compensation filed on or about August 12, 2010, in the United States Court of Federal Claims as petition No. 10-545V.

17. If D.T.W. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that DTaP, IPV, Hep B, PCV, Hib, and/or rotavirus caused D.T.W. to suffer seizures and infantile spasms, or any other injury or condition.

22. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of DTW.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*/s/ Jeffery Todd Wade*
JEFFERY TODD WADE

PETITIONER:

*/s/ Allison Renee Wade*
ALLISON RENEE WADE

ATTORNEY OF RECORD FOR PETITIONERS:

*/s/ M. Clay Ragsdale*
M. CLAY RAGSDALE, ESQ.
Ragsdale, L.L.C.
517 Beacon Parkway West
Birmingham, Alabama 35209
Tel: (205) 290-6800

AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Vincent J. Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*/s/ A. Melissa Houston*
A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Ann D. Martin*
ANN D. MARTIN
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-1815

Dated: 9-28-15

7